VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-00435



Sandra Holl
        Plaintiff

v.

Barry Polidor, Esq. and Barry J. Polidor, P.C.
        Defendants

## Decision on Defendants' Motion to Compel

At issue is the adequacy of an attorney's response to a discovery request for production of electronically-stored information.

The underlying action involves a claim for legal malpractice. Plaintiff Sandra Holl hired defendant Barry Polidor, Esq., to sell her home. Attorney Polidor sold the home and received the sale proceeds into his business account. He then received an email from plaintiff's email account containing directions for the wire transfer of the sale proceeds. He complied with those wire instructions, but plaintiff says that she never received any funds, and that the wire instructions were a fraudulent email scam perpetrated by someone else. Plaintiff alleges that Attorney Polidor committed legal malpractice by failing to call plaintiff to confirm the wire instructions before sending the money.

Defendants served several requests for production upon plaintiff's attorney. Defendants specifically requested (1) "in native format," all emails sent from or received by plaintiff's email account that contained at least one of twenty-five search terms, and (2) a "hit report" for each of the search terms showing the search methodologies used. Plaintiff's attorney responded by producing (1) thirty-some pages of emails that were not "in native format," but which rather had been forwarded by the client to the attorney and thereafter printed, and (2) screenshots of the search terms typed into the search function of a smartphone. It was not possible to tell from the screenshots whether the searches had been run, nor what parameters were used, nor what results were obtained. Furthermore, the forwarded and printed emails included neither complete headers nor any metadata.

Defendants filed the present motion to compel, contending that the response was inadequate. After receiving the motion, plaintiff's attorney asked his client to take her phone to "someone" who could download emails from her phone. Plaintiff took her phone to "someone," who downloaded emails from her phone and gave the files to plaintiff on removable media. Plaintiff then gave the removable media to her attorney, who forwarded it to defendant as a supplemental production. No "hit report" was included with the supplemental production, and the supplemental production failed to

include certain emails that are known to exist.* At the motion hearing, plaintiff's attorney was not able to explain who was the "someone" who had participated in the production of records, what their qualifications were, what information they were given about the discovery request, nor what methods they used to comply with the discovery request, nor why the production failed to include emails that are known to exist.

"A response to an electronic discovery request is not that different from a response to a standard document request." Grenig, Handbook of Federal Civil Discovery and Disclosure: E-Discovery and Records 4th § 8:1. As with standard requests for production, there are certain steps that an attorney must take in order to ensure that they have identified and produced all responsive electronic records. Of primary importance is that an attorney must decide "who will perform the collection, how and when it will be performed, and who will be responsible for tracking document collection efforts." Grenig, supra, at § 8:16. Best practices include the identification of a person with the necessary training and experience to conduct the necessary searches, and close supervision of that person by the attorney to ensure that the person has received "specific directions" as to the nature of the discovery request and that the person has produced detailed results that enable others to validate their search efforts. 1 Grenig & Gleisner, eDiscovery & Digital Evidence § 7:11; *DR Distributors, LLC v. 21 Century Smoking, LLC*, 513 F.Supp.3d 839, 934 (N.D. Ill. 2021); *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement Agency*, 877 F.Supp.2d 87, 108–09 (S.D.N.Y. 2012). At a minimum, the attorney should be able to explain their rationale for the methodologies chosen, demonstrate that the methods were appropriate for the task, and show that the searches were properly conducted. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D. Md. 2008); Grenig, Handbook of Federal Civil Discovery and Disclosure: E-Discovery and Records 4th § 8:28.

Here, plaintiff's attorney did not fulfill the minimum requirements for responding to the discovery request. Plaintiff's attorney relied first on his client to respond to the discovery request, even though he described her at the motion hearing as "basic" and "not internet competent" and "not tech savvy." His reliance on her "self collection" efforts did not result in the production of emails in their "native format," nor in a hit report that allowed others to validate her efforts. See *DR Distributors*, 513 F.Supp.3d at 934–37 (explaining, in detail, the risks of relying upon client "self-collection" of electronically-stored information). Plaintiff's attorney then relied on "someone" else to respond to the discovery request without adequate supervision, which did not result in the production of a complete set of responses, nor in a hit report that allowed others to validate the efforts made. Both methods represent a failure on the part of plaintiff's attorney to conduct "a reasonable inquiry into the thoroughness of the client's search and the completeness of the production before the production was made." *Id.* at 937; Vt. R. Civ. P. 26(g).

For these reasons, defendant's motion to compel is granted, and plaintiff is ordered to begin anew with the response to the two requests for production identified in the motion. Plaintiff's objections to the discovery requests are overruled. The requests made are "relevant" and "proportional to the needs of the case." Vt. R. Civ. P. 26(b)(1). Inherent to the articulation of the standard of care in this legal-malpractice case is understanding exactly how the email scam unfolded. Plaintiff's attempts to limit the timeframe of discoverable evidence to a narrow window of time is not supported by the

---

* The emails are known to exist because they are described in reports prepared by police officers investigating the alleged criminal wire fraud.

circumstances of the case, and there is nothing unduly burdensome about responding to the request for production of emails that match certain search terms.

At the motion hearing, plaintiff's attorney indicated a desire to have defendants search the records themselves. Generally, the responding party bears the responsibility for complying with discovery requests. Grenig, Handbook of Federal Civil Discovery and Disclosure: E-Discovery and Records 4th § 13:10. If plaintiff's attorney feels that the technological aspects of the response are beyond their ability, they may tender to defendants any necessary devices or information for defendants to conduct the needed searches. In that event, however, plaintiff remains responsible for the reasonable costs of the procedure. 1 Grenig, eDiscovery & Digital Evidence § 9:1; *Bailey v. Brookdale Univ. Hosp. Med. Ctr.*, 2017 WL 2616957 at *3 (E.D.N.Y. June 16, 2017). Defendants may additionally file a motion seeking compensation for the reasonable expenses incurred in obtaining this order, including attorney's fees. Vt. R. Civ. P. 37(a)(4); 8B Wright & Miller, Federal Practice and Procedure: Civil § 2288.

Electronically signed on Wednesday, April 3, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 04/03/24
Windsor Unit